No. 27,849.

JOHN E. WELLS, *Appellee*, v. ROBERT H. HAZLETT, ROBERT H. BRAD-
FORD, N. F. FRAZIER, JR., and JAMES DAVIS, *Appellants.*

(266 Pac. 101.)

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT,
judge. Opinion denying a rehearing filed April 7, 1928. (For original opinion
of affirmance see *ante,* p. 265.)

*Charles G. Yankey, Joseph G. Carey, Austin M. Cowan,* all of Wichita,
*C. L. Harris* and *J. B. McKay,* both of El Dorado, for the appellants.

*W. N. Banks, O. L. O'Brien, Walter L. McVey,* all of Independence, *A. M.
Ebright* and *L. C. Gabbert,* both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: A petition for a rehearing in this cause, which has
had our careful attention, suggests nothing overlooked in our orig-
inal opinion that would justify a disturbance of the judgment of the
trial court, but it does point out a remark in our original opinion
which should be corrected in the interest of accuracy. We said:

"Nothing in this record suggests that this action sought to subject defend-
ants to a liability as partners or because they were tenants in common."
(p. 276.)

There was an allegation in plaintiff's petition that defendants
were partners. That allegation, if proved, would have served to
bind all the defendants for any act or statement of any of them
concerning matters pertaining to plaintiff's employment, according
to the general law of partnerships; otherwise, of course, the several
defendants could only be bound so far as they individually partici-
pated in the contract of employment and in the breach of its obli-
gations. But the mere fact that a plaintiff alleges more than he can
prove, or fails in part of his proof, does not necessarily ruin his case.
The trial court disposed of plaintiff's allegation of partnership in its
sixteenth instruction, which reads:

"You are instructed that under the evidence in this case, the defendants
did not own the property described in the amended petition as partners, but
that they owned it as tenants in common, each defendant owning an undivided
one-fourth interest therein, and that therefore, without being expressly or
impliedly authorized, as herein elsewhere instructed, one of the defendants
did not have the right to bind another defendant in reference to any trans-

Pleading, 31 Cyc. p. 975 n. 38.

action concerning the sale of this property, and that before any one of the defendants could be required to sell his interest in the property in question, he must give either express or implied authority to sell it, as herein instructed."

This court cannot concede that plaintiff framed his cause of action on one theory and recovered on another. The cause was the same throughout—against four men for services performed under a contract of employment.

The rehearing is denied.